(No. 76-CC-0967—)

State Employees' Retirement System of Illinois, Claimant, *v.* State of Illinois, Respondent.

*Order filed August 24, 1977.*

POLOS, C.J.

The record in this cause indicates the purpose for which this claim was filed was for the payment of the State contribution to Social Security (FICA) for the period June 15, 1975, to June 30, 1975, on payroll voucher #24, in accordance with schedules authorized and determined by law and that the Attorney General has submitted a stipulation by Respondent based upon information forwarded to his office by said department, as evidenced by the departmental report attached to the stipulation by Respondent.

Accordingly, this Court finds that this was a properly authorized expenditure by the State of Illinois, Department of Business and Economic Development. No part of this expenditure has been paid and the total outstanding is $134.51. Money was appropriated under appropriation and fund #001-53601-1170-0000 of which appropriation there were insufficient funds from which to pay these contributions.

The "Social Security Enabling Act," Ill. Rev. Stat. Ch. 108H, paras. 21-101 et seq., generally and paras. 21-123 specifically provides that:

"Each political subdivision or instrumentality as to which a plan has been approved under 'the 1951 Act' or this article shall pay into the Social Security Contribution Fund, with respect to wages at such time or times as the State Agency may by regulation prescribe, contributions in the amount and at the rate specified in the applicable agreement entered into by the State Agency."

The Constitution of 1970 provides in Article VIII, Sec. 1 that:

"Section 1. General Provisions
 (a) Public funds, property or credit shall be used only for public purposes.
 (b) The State, units of local government and school districts shall incur obligations for payment or make payments from public funds only as authorized by law or ordinance."

The General Assembly, realizing that budgetary problems would arise from time to time authorized the

binding of the State in excess of moneys appropriated as follows:

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law."

Accordingly, this Court finds that the expenditures for which claim is made was an obligation "Expressly Authorized by Law."

It is hereby ordered that the Claimant be awarded in full satisfaction of any and all claims presented to the State of Illinois under the above captioned cause the sum of $134.51.

This award is not to be paid out of the Court of Claims Fund.